UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KFC CORPORATION | CIVIL ACTION |
| VERSUS | NO. 16-16791 |
| IRON HORSE OF METAIRIE ROAD, LLC AND IRON ROOSTER, LLC | SECTION "R" (5) |

## ORDER AND REASONS

Before the Court is plaintiff KFC Corporation's motion for reconsideration[1] of the Court's order denying plaintiff's motion for summary judgment (the May 8 Order).[2] The May 8 Order was issued by Judge Kurt Engelhardt, who presided over this case before it was reassigned to this Section on May 18, 2018.[3] Defendants Iron Horse of Metarie Road, LLC and Iron Rooster, LLC oppose the motion. For the following reasons, the Court denies plaintiff's motion.

Federal Rule of Civil Procedure 54(b) provides that an order that adjudicates fewer than all the claims among all the parties "may be revised at any time" before the entry of a final judgment. As Rule 54 recognizes, a district court "possesses the inherent procedural power to reconsider,

---

[1] R. Doc. 118.
[2] R. Doc. 13.
[3] R. Doc. 94.

rescind, or modify an interlocutory order for cause seen by it to be sufficient." *Melancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir. 1981). Under Rule 54(b), "the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336 (5th Cir. 2017).

Plaintiff asserts that reconsideration is proper for two reasons.[4] First, plaintiff argues that the same judge should decide all of the motions in this case in order to "ensure consistency and fairness."[5] Plaintiff suggests that proceeding otherwise would lead to "manifest injustice."[6] Second, plaintiff argues that reconsideration is justified because the Court's recent order (the May 30 Order) granting plaintiff's motion for summary judgment on defendants' counterclaim for detrimental reliance "cast[s] doubt on the propriety" of the May 8 Order.[7] Plaintiff suggests that the May 30 Order is

---

[4] Plaintiff's arguments are based in part on the standards used for a motion to alter or amend a final judgment under Federal Rule of Civil Procedure 59(e). The Court will address plaintiff's arguments to the extent necessary, but nevertheless applies the more lenient standard pursuant to Rule 54(b). *See Austin*, 864 F.3d at 336.
[5] R. Doc. 118-1 at 2-3.
[6] R. Doc. 136 at 4.
[7] *Id.* at 3.

akin to a "clarification in the applicable law from a higher court," justifying reconsideration.[8]

Both of plaintiff's arguments suffer the same flaw—a mistaken belief that the May 8 and May 30 Orders are inconsistent. Judge Engelhardt ruled that for the parties' breach of contract claims, there existed a genuine factual dispute as to whether plaintiff or its consultant made material misrepresentations regarding the status of the environmental remediation.[9] In the May 30 Order, the Court held that defendants' detrimental reliance claim was prescribed because defendants had constructive knowledge of the facts underlying their claim more than one year before they filed their counterclaim.[10] *See Campo v. Correa*, 828 So. 2d 502, 510 (La. 2002).

Plaintiff wrongly asserts that in its May 30 Order, the Court ruled that plaintiff did not make any misrepresentations to defendants.[11] The Court in fact ruled that the allegations in defendants' counterclaim for detrimental reliance sounded in tort rather than contract, and were thus subject to Louisiana's one-year prescriptive period for delictual actions.[12] In doing so, the Court found that defendants' counterclaim alleged a breach of a general

---

8      R. Doc. 136 at 4.
9      R. Doc. 87 at 9.
10     R. Doc. 112 at 17-18.
11     *See* R. Doc. 118-1 at 4.
12     R. Doc. 112 at 12.

3

duty to disclose, rather than a breach of specific contractual representations.[13] This holding addressed only the nature of the specific allegations in defendants' counterclaim and when defendants were on inquiry notice of those claims. It is thus entirely consistent with the May 8 Order, which held that in the context of defendants' defenses to plaintiff's complaint, there was a genuine dispute as to whether plaintiff should be estopped from enforcing the relevant contracts because of plaintiff's alleged misrepresentations about the status of the remediation.[14]

Plaintiff has failed to convince the Court that reconsideration of the May 8 order is proper. First, plaintiff does not explain how two orders decided by different judges necessarily cause fundamental unfairness.[15] It is not infrequent that a case must be reassigned to a different judge before it is concluded. By plaintiff's logic, each reassignment could require the new judge to reconsider every decision made by the prior judge. The Court fails to see how this would increase "judicial economy," as plaintiff suggests.[16] Second, the May 30 Order is not a "clarification in the applicable law from a higher court" justifying reconsideration.[17] The May 30 Order is wholly

---

[13]    *Id.*
[14]    R. Doc. 87 at 5, 9.
[15]    R. Doc. 118-1 at 3; R. Doc. 136 at 4.
[16]    R. Doc. 118-1 at 3.
[17]    R. Doc. 136 at 4.

4

consistent with the May 8 Order and, in any event, the May 30 Order is not a clarification of controlling law from a higher court, but a decision on a different issue by the same court in the same case. *Cf. Clark v. Am.'s Favorite Chicken Co.*, 190 B.R. 260, 263 (E.D. La. 1995) (in a motion for reconsideration under Rule 54(b), district court granting motion when a recent Fifth Circuit decision changed and/or clarified existing law).

For the foregoing reasons, the Court DENIES plaintiff's motion for reconsideration.

New Orleans, Louisiana, this __16th__ day of July, 2018.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE